UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JORGE FELIPE NARCIZO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:13-cv-00333-WTL-WGH |
| ) | |
| STATE OF INDIANA, ) | |
| PROSECUTOR State of Indiana, ) | |
| STATE POLICE, ) | |
| ) | |
| Defendants. ) | |

**ENTRY DISCUSSING PENDING MOTIONS, SCREENING AMENDED COMPLAINT AND DIRECTING ENTRY OF FINAL JUDGMENT**

**I.**

The motion for leave to proceed *in forma pauperis* [dkt. 8] is **granted.** The assessment of even an initial partial filing fee is not feasible at this time.

**II.**

The motion to amend complaint [dkt. 9] is **granted.** The amended complaint filed on November 8, 2013, is the operative complaint.

**III.**

**A.**

The amended complaint alleges that the Indiana State Police Department (ISP), Chief of ISP, Captain of ISP, Leutentent [sic] of IPD, and Sargent of IPD all violated plaintiff Jorge Felipe Narcizo's civil rights pursuant to 42 U.S.C. § 1983. Specifically, he alleges violations of the Fifth and Fourteenth Amendments and state law.

Narcizo alleges that after he was arrested, the ISP seized his 2 cell phones, a laptop computer, and a notebook computer pursuant to a search warrant. After Narcizo was convicted in the underlying criminal action and sentenced, the Benton County Circuit court allegedly ordered the ISP to return Narcizo's property. Since then, the ISP has refused to return Narcizo's property. Narcizo alleges that the defendants are jointly liable for "aiding, assisting, and abetting" the failure to return his personal property.

These allegations, however, are not consistent with the state court records attached to the amended complaint. Such attachments are properly considered in screening. *See Lindell v. Huibregtse*, 205 Fed. Appx. 446, 449 (7th Cir. 2006) (citing Fed.R.Civ.P. 10(c); *Centers v. Centennial Mortgage, Inc.*, 398 F.3d 930, 933 (7th Cir. 2005); *Int'l Mktg. Ltd. v. Archer-Daniels-Midland Co., Inc.*, 192 F.3d 724, 729 (7th Cir. 1999)). The attachments reflect that the lap top, notebook computer and one cell phone were owned by Narcizo's roommate Abel Fernandez. See dkt. 7-1. Narcizo is not entitled to compensation for the loss of another person's property. In addition, the November 28, 2012, Order of the Benton Circuit Court reflects that the state court only ordered the return of Abel Fernandez's cell phone. *Id.*

Narcizo seeks $1,300.00 in compensatory damages for the 2 cell phones, laptop computer, and notebook computer. He also seeks $150,000 in compensatory damages for emotional injuries and punitive damages.

**B.**

A provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part, if . . . it "fails to state a claim upon which relief can be granted."

*Sanders v. Sheahan*, 198 F.3d 626 (7th Cir. 1999) (quoting 28 U.S.C. ' 1915A(b)(1)). The amended complaint is subject to this screening process.

To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations omitted).

Pro se complaints such as that filed by Narcizo, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). For the reasons explained below, however, even when the amended complaint is construed liberally it fails to state a federal claim upon which relief may be granted.

First, a provision of the Prison Litigation Reform Act provides that a prisoner is not entitled to recover damages for the mental and emotional Awithout a prior showing of physical injury.@ 42 U.S.C.' 1997e(e). ASection 1997e(e) as enacted is . . . simple to understand.  A >prisoner= cannot bring an action for mental injury unless he has suffered physical injury too.@ *Kerr v. Punkett,* 138 F.3d 321, 323 (7th Cir. 1998). Accordingly, any claim for emotional injuries is dismissed.

Second, the Fifth Amendment is not implicated by the plaintiff's allegations, because the defendants are state actors, not federal actors. *Jackson v. Byrne*, 738 F.2d 1433 (7th Cir. 1984). Accordingly, the Fifth Amendment claim is **dismissed.**

Third, the Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law," but a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer,* 468 U.S. 517, 533 (1984)("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.").

Indiana's Tort Claims Act (IND. CODE ' 34-13-3-1 et seq.) provides for state judicial review of property losses caused by government employees, and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due.").

Narcizo was entitled to constitutional protections with respect to the confiscation of his property, but this means nothing more and nothing less than due process, for that is the guarantee of the Fourteenth Amendment. *Zinerman v. Burch,* 110 S. Ct. 975, 983 (1990) ("Deprivation of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law . . . . The constitutional violation actionable under ' 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process.").

Because Narcizo has an adequate state law remedy, the alleged deprivation of his property was not a constitutional violation. *Weaver v. Combs,* 2008 WL 4371342, *3 (S.D. Ind. 2008).

### C.

The foregoing resolves Narcizo's federal claims. This court's jurisdiction over his pendent claims under Indiana law is conferred by 28 U.S.C. ' 1367(a). However, when a district court dismisses the claims over which it had original jurisdiction, it has discretion either to retain jurisdiction over the supplemental claims or to dismiss them. 28 U.S.C. ' 1367(c)(3); *Kennedy v. Schoenberg, Fisher & Newman, Ltd.,* 140 F.3d 716, 717 (7th Cir.), *cert. denied,* 119 S. Ct. 167 (1998).

The general rule under these circumstances is to dismiss the pendent state law claims. *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims") (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)). The general rule will be followed here, and application of this rule dictates that the pendent state law claim be dismissed for lack of jurisdiction.

### IV.

For the reasons explained above, the amended complaint fails to survive the screening required by ' 1915A, because it fails to state a claim upon which relief can be granted. Dismissal of the action pursuant to 28 U.S.C. ' 1915A(b) is therefore mandatory, *Gladney v. Pendleton*

*Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/14/2013

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JORGE FELIPE NARCIZO
DOC # 227724
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135